**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicholas Torneanu, | No. CV-22-01336-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

On March 23, 2020, Plaintiff Nicholas Torneanu applied for disability insurance benefits ("DIB") under Title II, and on April 17, 2020, he applied for supplemental security income ("SSI") under Title XVI of the Social Security Act ("SSA"), alleging a disability onset date of January 1, 2016. (AR. 274–80.) Plaintiff's claims were denied initially and on reconsideration. (AR. 173–90, 196, 205–24.) After an administrative hearing, an Administrative Law Judge ("ALJ") issued an unfavorable decision on May 21, 2021, finding Plaintiff not disabled. (AR. 11–30.) The Appeals Council denied review of that decision, making the ALJ's determination the final decision of the Commissioner of the Social Security Administration. (AR. 1–5.) Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). For the reasons herein, the Court affirms.

## I. Five-Step Sequential Evaluation

To determine whether a claimant is disabled under the SSA, an ALJ must follow a five-step sequential process. 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the

burden of proof at the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At step one, the ALJ determines whether the claimant is engaging in substantial, gainful work activity. 20 C.F.R. § 404.1520(a)(4)(i). If he is, then the claimant is not disabled, and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If he does not, then the claimant is not disabled, and the inquiry ends. *Id.* If he does have such an impairment, the ALJ proceeds to step three and considers whether the claimant's impairment or combination of impairments meets or is medically equivalent to an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is disabled. *Id.* If not, then the ALJ proceeds to step four, where the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is capable of performing his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant can still perform his past work, then he is not disabled. *Id.* If the claimant cannot perform his past work, the ALJ proceeds to the fifth and final step, at which the ALJ determines whether the claimant can perform any other work in the national economy based on his age, work experience, education, and RFC. 20 C.F.R. § 404.1520(a)(4)(v). If not, then claimant is disabled and entitled to benefits under the SSA. *Id.*

## II.     Judicial Review

A district court only reviews the issues raised by the party challenging an ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). A court will uphold an ALJ's decision "unless it contains legal error or is not supported by substantial evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is more than a mere scintilla but less than a preponderance" and is such that "a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)). If the "evidence is susceptible to more than one rational interpretation," the Court will affirm the ALJ's decision. *Id.* That said, the Court should

1   "consider the entire record as a whole and may not affirm simply by isolating a specific
2   quantum of supporting evidence." *Id.*

3   **III.   Discussion**

4       Plaintiff raises four issues for the Court's consideration. He contends the ALJ: (1)
5   erred in evaluating the medical opinion evidence; (2) improperly discredited Plaintiff's
6   symptom testimony; (3) improperly addressed lay witness testimony; and (4) failed to
7   support his step-five finding with substantial evidence. The Court addresses each argument
8   in turn.

9   **A. Substantial evidence supports the ALJ's evaluation of Dr. Kannan, Dr.**
10  **Tognacci, and Dr. Goldberg's medical opinions.**

11      Plaintiff filed his benefits applications after March 27, 2017, so the revised SSA
12  regulations govern how the ALJ evaluates and considers medical opinions. *Woods v.*
13  *Kijakazi*, 32 F.4th 785, 790 (9th Cir. 2022). Under these regulations, the most important
14  factors in evaluating a medical source's opinion is "supportability" and "consistency." 20
15  C.F.R. § 404.1520c(b)(2). "The more relevant the objective medical evidence and
16  supporting explanations presented by a medical source are to support his or her medical
17  opinion(s) . . . , the more persuasive the medical opinion(s) . . . will be." *Id.*
18  § 404.1520c(c)(1). And "[t]he more consistent a medical opinion(s) . . . is with the
19  evidence from other medical sources and nonmedical sources in the claim, the more
20  persuasive the medical opinion(s) . . . will be." *Id.* § 404.1520c(c)(2). Plaintiff contends
21  that the ALJ improperly evaluated the medical opinions of Dr. Kannan, Dr. Tognacci, and
22  Dr. Goldberg. The Court disagrees.

23      Starting with Dr. Kannan: the ALJ noted that Dr. Kannan submitted a residual
24  function capacity ("RFC") assessment, finding that although Plaintiff had no physical
25  limitations, Plaintiff would be absent four days out of a month due to his diabetes
26  symptoms. The ALJ found Dr. Kannan's opinion to be inconsistent with the entire record
27  and unsupported by Dr. Kannan's own determination that Plaintiff has no physical

28

limitations. (AR. 25.) Consdering the record as a whole, the Court finds substantial evidence supports the ALJ's evaluation of Dr. Kannan's opinion.

First, in his own assessment of the Plaintiff, Dr. Kannan noted that the only symptoms Plaintiff suffers from are fatigue, hyper/hypoglycemic attacks, and neuropathy and that Plaintiff has no resulting functional limitations. Dr. Kannan also opined that Plaintiff would occasionally experience symptoms that would interfere with his attention and concentration, but that Plaintiff could tolerate a job with moderate stress. (AR. 1152.) Dr. Kannan provides no explanation as to why Plaintiff would be absent from work at least four days per month. (AR. 1153–55.) Indeed, Dr. Kannan even informed Plaintiff that he would "not qualify for disability based on his diabetes due to [Plaintiff's] good control [of it] with no major complications . . . since 2019." (AR. 1112.) Thus, it was rational for the ALJ to find that Dr. Kannan's opinion on the frequency of Plaintiff's absence from work lacked support.

It was also rational for the ALJ to find that Dr. Kannan's opinion was inconsistent with other medical evidence considering that treatment records demonstrate that Plaintiff was able to control his diabetes, that his physical examinations were relatively normal in all body systems, and that medication improved his mental impairments. (*See e.g.*, AR. 579, 723, 748, 774.)

Next, Dr. Tognacci opined that Plaintiff could only work twenty hours per week and would be absent two days per month due to his mental symptoms. (AR. 1096.) The ALJ found that Dr. Tognacci failed to provide an explanation for such limitations and that his opinion contradicted other medical evidence in the record. (AR. 26.) Substantial evidence supports the ALJ's finding. Indeed, upon review, it appears that Dr. Tognacci limits Plaintiff to working only four hours per day for a total of twenty hours per week. But, in that same assessment, Dr. Tognacci opines that Plaintiff can sit, stand, walk for eight hours at a time and that Plaintiff only needs to change positions occasionally. (AR. 1096.) Further, the only symptom Dr. Tognacci identifies as limiting Plaintiff's activities is his hyperglycemia (AR. 1096), yet as noted above, other medical evidence in the record

suggests that Plaintiff has been able to control his diabetes and that Plaintiff does not suffer from any significant physical issues because of his diabetes. As to Plaintiff's mental symptoms, treatment records demonstrate that Plaintiff's anxiety and depression respond well to medication, that his memory and judgment are intact, that his concentration is appropriate to his age, and that he presents as cooperative, alert, and oriented. (*See e.g.*, AR. 850–58, 1146–48.) The Court finds the ALJ's evaluation of Dr. Tognacci's medical opinion to be reasonable and supported by substantial evidence.

Last, Plaintiff challenges the ALJ's evaluation of Dr. Goldberg's medical opinion, which limited Plaintiff to minimal social interactions, 1 to 2 step instructions, and two-hour blocks of concentration. (AR. 26.) The ALJ first noted that no records indicate that Plaintiff has a limited ability to interact socially. In challenging this finding, Plaintiff fails to identify a record that demonstrates limited social functioning. *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998) ("At all times, the burden is on the claimant to establish her entitlement to disability insurance benefits."). Plaintiff argues that Dr. Kannan and Dr. Tognacci both opined that Plaintiff has limited social functioning, but as already discussed, the ALJ's decision to discredit these medical opinions was rational and supported by substantial evidence. Plaintiff also argues that his attendance of an online class, which involves no in-person social interaction, "cannot demonstrate greater abilities in that area than Dr. Goldberg opined." (Doc. 12 at 13.)  The Court is not persuaded. Although attendance of an online class may not necessarily demonstrate strong social functioning, it was reasonable for the ALJ to find that such attendance does not demonstrate limited social functioning.

The ALJ also noted that contrary to Dr. Goldberg's assertion that Plaintiff is limited to 1 to 2 step instructions, Plaintiff testified that the only accommodation he received in school was extra time to perform tasks and that he recently participated in a summer intern program. (AR. 26, citing AR. 48.) It was reasonable for the ALJ to find Dr. Goldberg's assessed limitations inconsistent with other parts of the record. Though Plaintiff advocates for a more favorable interpretation of the evidence, the ALJ's evaluation of these three medical opinions was rational and supported by substantial evidence.

1
2

**B. The ALJ provided clear and convincing reasons supported by substantial evidence for discrediting Plaintiff's symptom testimony.**

3
4
5
6
7
8
9
10
11
12
13
14
15

An ALJ employs a two-step process in evaluating a claimant's symptom testimony. *Id.* at 1014. First, the ALJ must determine whether there is an underlying medically determinable impairment that "could reasonably be expected to produce the . . . symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal quotation omitted). If the claimant meets this first test and absent evidence of malingering, the ALJ then "can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Id.*; *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014). This is the most demanding standard in Social Security cases. *Garrison*, 759 F.3d at 1015. "A finding that a claimant's testimony is not credible 'must be sufficiently specific to allow a reviewing court to conclude the [ALJ] . . . did not arbitrarily discredit a claimant's testimony regarding pain.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345–46 (9th Cir. 1991)).

16
17
18
19
20
21
22
23
24
25
26
27

The ALJ found that Plaintiff's allegation of greater pain, fatigue, and functional limitations contradicted objective medical evidence in the record, Plaintiff's responsiveness to medication and treatment, and his reported daily activities. (AR. 22, citing *e.g.*, 712, 1144, 573, 615, 851, 877.) These are clear and convincing reasons supported by substantial evidence to discount Plaintiff's testimony. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (holding that inconsistencies between subjective complaints and objective medical evidence is a clear and convincing reason for discounting claimant's testimony); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability."); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) ("In reaching a credibility determination, an ALJ may weigh consistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among

28

other factors."). The ALJ rationally and properly evaluated Plaintiff's symptoms in accordance with 20 C.F.R. § 404.1529(c), and so the Court affirms the ALJ's finding.

**C. Any error in the ALJ's failure to address lay witness testimony is harmless.**

Plaintiff contends that the ALJ erred in failing to explicitly evaluate a questionnaire that Plaintiff's mother completed describing his limitations. (Doc. 12 at 15–17.) Defendant responds by arguing that under revised SSA regulations, an ALJ is not required to specifically address lay witness evidence. (Doc. 13 at 13.) For claims filed on or after March 17, 2017, revised SSA regulations provide that an ALJ is "not required to articulate how [he] considered evidence from nonmedical sources . . . ." 20 C.F.R. §§ 404.1520c(d), 416.920c(d). Based on this provision, Defendant posits that that ALJs have no "articulation obligation" regarding lay witness opinions. (Doc. 13 at 15.)

The Court need not reach the issue of whether, under the revised regulations, an ALJ must articulate his evaluation of lay witness opinion because any error committed is harmless.[1] "Where the ALJ gives clear and convincing reasons to reject a claimant's testimony, and where a lay witness' testimony is similar to the claimant's subjective complaints, the reasons given to reject the claimant's testimony are also germane reasons to reject the lay witness testimony." *Caleb H. v. Saul*, No. 4:20-CV-5006-EFS, 2020 WL 7680556, at *8 (E.D. Wash. Nov. 18, 2020). As already discussed, the ALJ provided specific, clear, and convincing reasons to discredit Plaintiff's symptom testimony. The statements made by Plaintiff's mother, Ms. Gilmore, in her questionnaire (AR. 340–47) largely mirror Plaintiff's claims of disability (AR. 348–56)—that is, Plaintiff's diabetes and mental impairments affect his ability to walk, stand, climb stairs, sleep, concentrate,

---

[1] The Court notes that "[t]he Ninth Circuit has not yet addressed whether the revised regulations change the requirement for germane reasons to discount lay witness testimony." *Sharon W. v. Kijakazi*, No. 1:22-cv-00013-DKG, 2023 WL 246391, at *7 (D. Idaho Jan. 18, 2023) (surveying cases). And district courts within this circuit appear split on the issue. *Compare e.g.*, *Wendy J. C. v. Saul*, No. 3:19-cv-01434-AC, 2020 WL 6161402, at *12 n.9 (D. Or. Oct. 21, 2020) (noting that for claims filed on or after March 27, 2027, the ALJ is not required to provide germane reasons for rejecting lay witnesses' testimony) *with Joseph M.R. v. Comm'r of Soc. Sec. Admin.*, 3:18-cv-01779-BR, 2019 WL 4279027, at *12 (D. Or. Sept. 10, 2019) (finding that new SSA regulations did "not eliminate the need for the ALJ to articulate his consideration of lay-witness statements and his reasons for discounting those statements").

1    and complete tasks. Thus, the Court finds no harmful error in the ALJ's evaluation of lay

2    witness opinion.

3        **D. The ALJ's step-five determination is supported by substantial evidence.**

4        At step five, the ALJ considers a claimant's RFC, age, education, and work

5    experience to determine whether a claimant can make an adjustment to other work. 20

6    C.F.R. § 416.920(a)(4)(v). If a claimant can make the adjustment to other work, the

7    claimant is not disabled. *Id*. To make this determination, the ALJ may rely on a vocational

8    expert ("VE") to testify as to: "(1) what jobs the claimant, given [his RFC], would be able

9    to do; and (2) the availability of such jobs in the national economy. At the hearing, the ALJ

10   poses hypothetical questions to the [VE] that 'set out all of the claimant's impairments' for

11   the [VE's] consideration." *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999).

12       Plaintiff argues that the ALJ's hypothetical to the VE excluded all the limitations

13   and restrictions that Plaintiff and his mother testified to and that Dr. Kannan, Dr. Tognacci,

14   and Dr. Goldberg assessed, and therefore the ALJ's step-five determination is unsupported

15   by substantial evidence. (Doc. 12 at 17–18.) The Court disagrees.

16       Where the hypothetical the ALJ poses to the VE contains all of the limitations the

17   ALJ finds credible and supported by substantial evidence in the record, the "ALJ's reliance

18   on testimony the VE gave in response to the hypothetical . . . [is] proper." *Bayliss v.*

19   *Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); *see also Stubbs-Danielson v. Astrue*, 539

20   F.3d 1169, 1175–76 (9th Cir. 2008) (holding that ALJ did not err in omitting limitations

21   not supported by substantial evidence in the record from the hypothetical posed to the VE).

22   As discussed above, substantial evidence supports the ALJ's evaluation of Plaintiff and his

23   mother's testimony as well as the medical opinions provided by Dr. Kannan, Dr. Tognacci,

24   and Dr. Goldberg. Accordingly, the ALJ did not err in omitting limitations that lack

25   substantial evidence in the record from the hypothetical.

26   / / /

27   / / /

28   / / /

1        **IT IS ORDERED** that the ALJ's decision is **AFFIRMED.** The Clerk is directed to

2  enter judgment accordingly and terminate this case.

3        Dated this 31st day of March, 2024.

 

 

 

 

                                       Douglas L. Rayes
                                       United States District Judge